IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael S.,[1] | ) Civil Action No.: 5:21-cv-429-BHH |
|           Plaintiff, | ) |
| v. | ) **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ) |
|           Defendant. | ) |

    This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Michael S.'s ("Plaintiff") claim for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

    In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed written objections to the Report, and the Commissioner filed a reply to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income on January 15, 2019, alleging disability beginning on December 18, 2018. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held on August 26, 2020. In a decision dated September 9, 2020, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act, as amended. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on February 10, 2021.

## STANDARDS OF REVIEW

**I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

2

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.     The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

3

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 18, 2018. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the spine, dysfunction of major joints, migraine headaches, depressive disorder, and bipolar disorder. The ALJ found that Plaintiff

4

does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that he: can frequently balance, stoop, crouch, kneel, and crawl; can frequently climb ramps and stairs and climb ladders, ropes, and scaffolds; can frequently engage in overhead reaching with the right upper extremity; can understand and remember both simple and detailed instructions; can attend to and perform simple, unskilled tasks for reasonable periods of time, but would have difficulty focusing on the more complex tasks for extended periods of time; and can interact appropriately with co-workers and supervisors, but he should have minimal contact with the general public. The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff has not been under a disability at any time from December 18, 2018, through the date of the decision. (ECF No. 14-2 at 13-22.)

## II.     The Court's Review

In his initial brief in this action, Plaintiff raises the following issues:

Issue 1     Residual Functional Capacity. The RFC assessment must be a reasoned assessment of all of the relevant evidence. The ALJ here failed to include significant limitations resulting from [Plaintiff's] impairments and failed to provide an adequate discussion rejecting those limitations. The ALJ also failed to provide adequate support for his RFC findings. Can a decision based upon an incomplete and inaccurate assessment of a claimant's RFC be supported by substantial evidence?

Issue 2     If an impairment is more than slight, it must be found severe and its effects must be weighed in combination with other

>   impairments in assessing residual functional capacity. Here
>   the ALJ failed to evaluate all of Spataro's impairments without
>   any explanation. Where the ALJ failed to do this, must the
>   case be remanded for him to do so?

(ECF No. 15 at 1-2.)

In her Report, the Magistrate Judge thoroughly outlined the medical records and other evidence and considered each of Plaintiff's arguments in turn. Specifically, first, the Magistrate Judge evaluated the ALJ's assessment of Plaintiff's RFC and considered Plaintiff's arguments: (1) that the ALJ failed to reconcile the opinion evidence that she relied on when formulating Plaintiff's RFC; (2) that the ALJ provided internally inconsistent findings when explaining her RFC findings; and (3) that the ALJ's RFC assessment was ambiguous regarding the maximum amount of work-related activity Plaintiff could perform. Second, the Magistrate Judge considered Plaintiff's argument that the ALJ failed to evaluate the effect of Plaintiff's obesity on his RFC.

With respect to the ALJ's alleged failure to reconcile the opinion evidence while assessing Plaintiff's RFC, the Magistrate Judge explained that, under the new, applicable regulations, an ALJ is not to defer to or give specific weight to medical opinions based on their source. Rather, pursuant to 20 C.F.R. §§ 404.1520c and 416.920c, an ALJ is instructed to consider and evaluate the persuasiveness of opinion evidence by considering the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that tend to support or contradict the opinion. Of these factors, supportability and consistency are the most important, and an ALJ must explain how these factors are considered in his or her decision. *Id.*

The Magistrate Judge ultimately found that, because the ALJ's RFC assessment

was more limiting than the medical opinions of Drs. Hewitt and Keith, any error on the part of the ALJ in reconciling the opinions was harmless because Plaintiff could not show any prejudice based on the ALJ's review of the medical opinions. The Magistrate Judge also noted that Plaintiff raised no probability of a different outcome.

In his objections, Plaintiff repeats his argument that the ALJ failed to reconcile the opinions of the examining and non-examining doctors, and Plaintiff again asserts that the ALJ failed to provide discussion or explanation for excluding portions of the opinions that conflicted with her RFC assessment. Plaintiff also objects to the Magistrate Judge's finding that any error in reconciling the evidence was harmless. Specifically, Plaintiff asserts that "not all of the differences were in Spataro's favor," noting, for example, that the ALJ allowed minimal contact with the public while Dr. Hewitt indicated that Plaintiff was "not suited for work with the general public." (ECF No. 23 at 4.)

After review, the Court is not persuaded by Plaintiff's objections and agrees with the Magistrate Judge's analysis of this issue. First, the Court notes that the Magistrate Judge clearly considered the specific arguments raised by Plaintiff in his objections, and Plaintiff's objection simply rehashes his arguments. (*See* ECF No. 20 at 16.) Second, as the Magistrate Judge noted, the ALJ indicated that she considered the medical opinions of the State agency physicians, the reports of consulting examiners Dr. Hewitt and Dr. Keith, and the Treatment Source Statement of Dr. Malone, but the ALJ never indicated that the relied *solely* on this evidence in forming her RFC. Moreover, as the Magistrate Judge also noted, even when minor differences exist between consulting physicians' RFC formulations and the ALJ's ultimate RFC assessment, an ALJ's finding that opinion evidence is persuasive does not compel the ALJ to adopt all of the limitations from that opinion. *Emerson v.*

7

*Kijakazi*, No. 1:21cv307, 2022 WL 1004584, at *10 (M.D.N.C. April 4, 2022).

Ultimately, the Court agrees with the Magistrate Judge that the ALJ did not err in her consideration of the medical opinions and, even if the ALJ did err in some way, any error was harmless because Plaintiff has not shown any likelihood of a different outcome based on any of his arguments. In all, the Court finds that the ALJ's analysis of the medical opinions complies with the applicable law and that substantial evidence supports the ALJ's findings.

Next in her Report, the Magistrate Judge considered Plaintiff's argument that the ALJ's RFC assessment contained inconsistent internal findings as to Plaintiff's mental capabilities and his ability to have contact with the general public. The Magistrate Judge rejected Plaintiff's arguments outright, finding no inconsistencies in the ALJ's assessment. The Magistrate Judge specifically outlined the ALJ's findings and explained that "the ALJ's assessment regarding mental capabilities contains two separate limitations–one is Plaintiff's ability to 'understand and remember' simple instructions, and the other is Plaintiff's ability to 'attend to and perform' simple, unskilled tasks." (ECF No. 20 at 18.) Next, the Magistrate Judge found no internal inconsistency with the ALJ's limitation to "minimal contact with the general public."

Plaintiff objects to this portion of the Magistrate Judge's Report, essentially repeating the arguments from his briefs and asserting that the ALJ's discussion of the evidence does not support her finding that Plaintiff can understand and remember both simple *and detailed* instructions. Plaintiff further asserts that "not suited for work with the general public" and "minimal contact with the general public" are not the same. (ECF No. 23 at 5.)

After review, the Court is again not persuaded by Plaintiff's objections. While

8

Plaintiff urges the Court to draw different inferences from the evidence of record, it is clear to the Court that the ALJ discussed and analyzed the evidence throughout her decision and included a logical explanation of how she weighed the evidence, and the Court finds that she gave sufficient reasons to support her findings.  Moreover, while Plaintiff argues that additional limitations were required, the Court disagrees and finds no inconsistencies in the ALJ's RFC assessment.  In all, the Court finds that substantial evidence supports the limitations assessed by the ALJ.

The Magistrate Judge next considered Plaintiff's argument regarding alleged ambiguities in the ALJ's RFC assessment as to the maximum amount of work-related activity Plaintiff could perform.  The Magistrate Judge disagreed with Plaintiff's arguments and and found that the ALJ's hypothetical to the VE at the administrative hearing provided sufficient detail to effectively resolve any ambiguities.  The Magistrate Judge noted that, "[a]lthough Plaintiff argues the ALJ erred by not defining the words reasonable, extended, and minimal–which he contends are 'vague and open to different interpretations'–the VE did not express any difficulty in understanding their meaning in the ALJ's hypothetical." (ECF No. 20 at 19.)

In his objections, Plaintiff concedes that the VE did not indicate that she was unsure about any of the ALJ's RFC terms, but he essentially repeats his argument that the ALJ failed to sufficiently explain or reconcile conflicting evidence in the case record.

After review, the Court finds Plaintiff's objection unavailing and finds no error in the ALJ's failure to define the words reasonable, extended, and minimal–where it is abundantly clear that the VE understood their meaning.  Moreover, the Court finds that the ALJ's decision as a whole reflects that she sufficiently explained Plaintiff's RFC, and Plaintiff has

9

not shown that the ALJ's RFC assessment is unsupported by substantial evidence or otherwise controlled by an error of law.

Lastly, the Magistrate Judge evaluated Plaintiff's final allegation of error regarding the ALJ's failure to find Plaintiff's obesity to be a severe impairment. The Magistrate Judge reviewed the medical evidence and Plaintiff's hearing testimony and explained that no references to Plaintiff's BMI contain any suggestion of a limitation associated with obesity; likewise, the Magistrate Judge explained that Plaintiff never testified as to obesity causing limitations or impairments. Ultimately, the Magistrate Judge determined that even if the ALJ erred by not considering Plaintiff's obesity as a severe impairment, any error was harmless because no evidence of record demonstrates any effect of obesity on Plaintiff's functioning or his ability to work.

Plaintiff objects to the Magistrate Judge's analysis and asserts that it is "speculative to find that the ALJ's RFC would have remained the same had the ALJ found obesity to be medically determinable." (ECF No. 23 at 7.) Essentially, Plaintiff repeats his argument that the record contains evidence of his BMI being over 30, and Plaintiff argues that the Commissioner still considered other impairments that Plaintiff never alleged, namely, mental impairments of depressive disorder and bipolar disorder.

After review, the Court finds Plaintiff's objection wholly without merit. First, although Plaintiff is correct that the ALJ considered mental impairments that Plaintiff did not allege, Plaintiff clearly testified about his depression at the hearing, and the medical evidence contains numerous references to Plaintiff's mental health diagnoses and treatments. With respect to Plaintiff's obesity, in contrast, the record is noticeably silent. Importantly, nowhere during the administrative process did Plaintiff allege obesity as an impairment or

even that obesity affected his functional capacity in any way.  Nor did any medical source indicate that Plaintiff's obesity affected his functional capacity or his ability to work.  Thus, *even if* the ALJ erred by not considering Plaintiff's obesity, the Court agrees with the Magistrate Judge that the error would be entirely harmless in light of the record as a whole. *McCall v. Colvin*, No. CIV.A. 5:14-1185-BHH, 2015 WL 5608205, at *3 (D.S.C. Sept. 22, 2015) (finding any error by ALJ for failing to find obesity as a severe impairment to be harmless where plaintiff did not reference "anything in the record concerning her alleged obesity's impact on her ability to work or perform any functional activities."); *Maner v. Colvin*, No. CA 1:12-2969-RBH, 2014 WL 4656383, at *15 (citing *Elder v. Astrue*, C/A No. 09–2365, 2010 WL 3980105, at *9 (D.S.C. Oct. 8, 2010) ("As neither her medical records, nor her own statements, provide [evidence of the effect on her functioning or ability to work resulting from] her obesity, any failure of the ALJ to explicitly address [the claimant]'s obesity is only harmless error.")).  *See also Gann v. Astrue*, No. 1:09CV355, 2010 WL 3811942, at *11 (W.D.N.C. Sept. 1, 2010), report and recommendation adopted, No. 1:09CV355, 2010 WL 3811515 (W.D.N.C. Sept. 27, 2010) (finding that even if the ruling required the ALJ to consider the plaintiff's alleged obesity, "plaintiff has failed to identify any functional limitations attributable to his supposed obesity or how such alleged obesity impacted other impairments. It cannot, therefore, be error for the ALJ to not consider an impairment that did not exist, was not diagnosed, and was not complained of to doctors or to the administration.").  Plaintiff's objection is therefore overruled.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  Accordingly, the

Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 20); the Court overrules Plaintiff's objections (ECF No. 23); and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 21, 2022
Charleston, South Carolina